# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| ANGIE HARKNESS, | )<br>) |
| Plaintiff, | ) 3:18-CV-00147-JWS<br>) |
| vs. | ) ORDER AND OPINION<br>) [Re: Doc. 32 ] |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

## I. MOTION PRESENTED

At docket 32, Defendant United States of America moves for summary judgment. Plaintiff Angie Harkness opposes the motion at docket 35. The United States replies at docket 36. Oral argument would not be of assistance to the court.

## II. DISCUSSION

On January 21, 2015, Plaintiff was driving eastbound on Montgomery Road located within Fort Wainwright military base in Fairbanks, Alaska. Montgomery Road is a two-lane road, with one lane traveling in each direction. The road was icy and snowy due to the blizzard-like weather conditions. Plaintiff's vehicle was struck by Catherine Keyse-Sweet's vehicle, which was traveling in the opposite direction when it crossed over the median line into Plaintiff's lane of traffic. The two drivers were injured and taken to the hospital.

The accident was reported to Fort Wainwright police by Virginia Tillett, who was driving behind Keyse-Sweet's vehicle and witnessed the accident. Military policy officer and traffic investigator Sergeant Stephan Kang arrived at the scene shortly after the

-1-

accident and conducted an investigation.  His job was to identify the facts and circumstances surrounding the accident.[1]  He took pictures of Montgomery Road and the accident scene and obtained a sworn written statement from the eye witness.  He later interviewed the two drivers involved.  He then issued a report that included his sworn statement and the statements from the involved drivers and the witness.[2]  He created a sketch reconstructing the vehicles' positions during the accident.[3]

In his report, Kang identified a defect in the shoulder of the road on the side where Keyse-Sweet's vehicle was traveling.  He described a "38 foot long and 1 foot wide ditch" on the edge of the roadway.[4]  He concluded that Keyse-Sweet must have driven into that ditch and then steered left to pull out of it, overcorrecting and driving into oncoming traffic.  He wrote, "I believe there to be more fault on the defective roadway, versus driver overcorrection to get out of it.  Had the road shoulder been properly maintained, there would have been no accident."[5]

Plaintiff filed suit against the United States under the Federal Tort Claims Act, arguing that the U.S. army negligently failed to maintain the roadway and shoulder, thereby causing the accident and Plaintiff's injuries.[6]  The complaint relies on Sergeant Kang's report.  Discovery concluded on February 18, 2020.  The United States thereafter filed this motion for summary judgment, arguing that Plaintiff has not presented sufficient admissible evidence to establish a triable claim for negligence.

---

[1] Doc. 35-1 at p. 27.

[2] Doc. 33-3.

[3] Doc. 33-5 at p. 1.

[4] Doc. 33-3 at p. 24.

[5] *Id.*

[6] Harkness did not present any evidence that the roadway itself was maintained negligently.  Indeed, she did not address the issue in her response brief.  The case is based solely on the condition of the shoulder of the roadway.

-2-

# III. STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] The materiality requirement ensures that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[8] Ultimately, "summary judgrett will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9] However, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[10]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[11] Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the moving party need not present evidence to show that summary judgment is warranted; it need only point out the lack of any genuine dispute as to material fact.[12] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[13] All evidence presented by the non-movant must be believed for purposes of summary judgment and all justifiable inferences must be drawn in favor of the

---

[7] Fed. R. Civ. P. 56(a).

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Id.*

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[11] *Id.* at 323.

[12] *Id.* at 323-25.

[13] *Anderson,* 477 U.S. at 248-49.

non-movant.[14] However, the non-moving party may not rest upon mere allegations or denials but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[15]

## IV.  DISCUSSION

Under Alaska law, which is applicable to this FTCA action,[16] the elements of a cause of action for the tort of negligence are as follows: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty; (3) proximate causal connection between the breach and the harm; and (4) actual harm.[17] The United States argues that Plaintiff cannot establish the first three elements of her case, and thus summary judgment is appropriate.

**Duty and Breach**

The United States argues that it had no duty to maintain the shoulder of the road. It argues that the evidence shows the ditch was located on the shoulder and outside of the roadway itself and that under the applicable military regulations any areas outside the "normal vehicular traffic area" are not required to be designed and maintained as a roadway.[18] It argues that Plaintiff has not produced any evidence to show that it has a duty in relation to the shoulder, nor has it produced any evidence to show that the existence of a rut would be a breach of any such duty.

---

[14]*Id.* at 255.

[15]*Id.* at 248-49.

[16]*Bolt v. United States*, 509 F.3d 1028, 1031 (9th Cir. 2007) ("Even when the injury occurs on federal property, the finding of negligence must be based upon state law" (quoting *Lutz v. United States*, 685 F.2d 1178, 1184 (9th Cir. 1982))).

[17]*Regner v. N. Star Volunteer Fire Dep't, Inc.*, 323 P.3d 16, 21 (Alaska 2014).

[18]Doc. 33 at p. 10 (citing Doc. 33-7 at p. 27).

-4-

The United States' argument as to duty is overly simplified.  While, as the United States' argues, the existence of a defendant's duty in a negligence case is a question of law that can be decided at the summary judgment phase when "no evidence tends to suggest that any duty has arisen between a defendant and plaintiff,"[19] the source of such duty can stem from more than just a statute or regulation.  If no duty is imposed by statute or regulation, "the court must determine if the current case falls in the class of cases controlled by existing precedent."[20]  If no applicable case law exists, then the court must "weigh the public policy considerations enumerated in *D.S.W. v. Fairbanks North Star Borough School District*."[21]  Those considerations are as follows: (1) the foreseeability of harm to the plaintiff, (2) the degree of certainty that the plaintiff suffered injury, (3) the closeness of the connection between the defendant's conduct and the injury suffered, (4) the moral blame attached to the defendant's conduct, (5) the policy of preventing future harm, (6) the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and (7) the availability, cost and prevalence of insurance for the risk involved.[22]

Neither party addresses whether existing precedent encompasses the undisputed facts here, nor do they apply the public policy considerations to argue their respective positions on the issue of duty.  For example, the Alaska Supreme Court has held that a landowner "must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances," but neither party considers this line of case law as applied to the undisputed fact that there was a significant rut

---

[19]*Arctic Tug & Barge, Inc. v. Raleigh, Schwarz & Powell*, 956 P.2d 1199, 1205 (Alaska 1998).

[20]*Estate of Mickelsen ex rel. Mickelsen v. N.-Wend Foods, Inc.*, 274 P.3d 1193, 1199 (Alaska 2012).

[21]*Id.*

[22]*D.S.W. v. Fairbanks N. Star Borough Sch. Dist.*, 628 P.2d 554, 555 (Alaska 1981).

adjacent to the roadway and testimony from Kang that other drivers had at some point encountered problems with the ditch.[23] Additionally, neither party addresses Restatement (Second) of Torts § 368, which addresses circumstances under which a duty is owed to individuals who are injured after deviating from an adjoining roadway onto the land, and whether Alaska has or would apply it.[24] Without adequate briefing, the court cannot conclude as a matter of law that the United States owed "no duty whatsoever" as to the condition of the road's shoulder.[25] It declines to award summary judgment based on this element of Plaintiff's case.

**Causation**

The United States also argues that Plaintiff has no admissible evidence from which a jury could find in her favor on the issue of causation. Under Alaska law negligent conduct may be found to be the proximate cause of harm if it "was more likely than not a substantial factor in bringing about [the] injury."[26] The United States points out that there is no admissible evidence to suggest that Keyse-Sweet veered off the road and into the rut before driving into Plaintiff's car. The court agrees. While Kang's report states that he believes this happened, the admissible evidence does not support this conclusion. The ditch was located on the shoulder just outside of the roadway itself.[27] There are no witness statements to suggest that Keyse-Sweet's vehicle veered onto the shoulder before abruptly pulling left. The eye witness merely stated that

---

[23]*See Burnett v. Covell*, 191 P.3d 985, 990 (Alaska 2008) (quoting *Webb v. City and Borough of Sitka*, 561 P.2d 731, 733 (1977)).

[24]Restatement (Second) of Torts § 368 (1965).

[25]*Arctic Tug*, 956 P.2d at 1203.

[26]*P.G. v. State, Dep't of Health & Human Servs.*, 4 P.3d 326, 334 (Alaska 2000) (citing *Morris v. Farley Enters., Inc.*, 661 P.2d 167, 169 (Alaska 1983)).

[27]Doc. 35-1 at p. 54.

-6-

Case 3:18-cv-00147-JWS   Document 45   Filed 07/14/20   Page 6 of 8

Keyse-Sweet braked and pulled sharply into on-coming traffic.[28] Keyse-Sweet could not remember the accident and makes no mention of the ditch in her statement. There is no evidence of skid marks or any other physical evidence from which a juror could infer that her vehicle drove outside the roadway and into the rut. Indeed, Kang admitted that he based his conclusion on an assumption stemming from other incidents there and the fact that drivers generally drove close to the edge of the roadway in the winter.[29]

Plaintiff asserts that Kang will be a hybrid fact/expert witness and will testify as to his opinion that the ditch caused the accident. However, as the court previously ruled at docket 44 in conjunction with the United States' motion to exclude at docket 37, Plaintiff cannot call Kang as an expert. Plaintiff failed to identify Kang as an expert as required by Rule 26(a)(2)(C) and the court's scheduling order. Moreover, the court notes that Kang's qualifications as an expert are in doubt given his declaration wherein he asserts that he has no training in accident reconstruction and does not consider himself an expert on the subject.[30]

Kang, who did not witness the accident, cannot provide his opinion as to causation as a lay witness under Rule 701.[31] Such testimony as to the cause of the accident based on Kang's after-the-fact investigation requires specialized knowledge and experience within the purview of Rule 702.[32] Furthermore, Kang only observed the

---

[28]Doc. 33-3 at p. 32.

[29]Doc. 35-1 at pp. 68-69.

[30]Doc. 36-2.

[31]Fed. R. Evid. 701 states as follows: If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

[32]*Cf. United States v. Figueroa-Lopez*, 125 F.3d 1241 (9th Cir. 1997) (holding that testimony of law enforcement officers that the defendant's actions were consistent with those of experienced drug traffickers was improperly admitted as lay opinion testimony because such testimony was necessarily predicated on "demonstrable expertise" in the area of law

existence of the ditch near the accident scene; he did not see any physical evidence as to where or how Keyse-Sweet had been driving or that she veered into the ditch. Therefore, he has no testimony to offer about the involvement of the ditch in the accident that could possibly qualify as lay witness testimony. Absent Kang's opinion that Keyse-Sweet lost control of her car after veering into the ditch, Plaintiff only has evidence that there was a ditch next to the lane in which Keyse-Sweet was driving. That is simply not enough for a jury to conclude that the ditch was more likely than not a substantial factor in causing the accident.

## V. CONCLUSION

Based on the preceding discussion, the United States' motion for summary judgment at docket 32 is granted. The clerk is directed to issue judgment in favor of Defendant.

DATED this 13th day of July 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

enforcement and the subjects about which the officers testified were not "common enough" to be the subject of lay witness testimony); *see also Holyz v. Boyd*, 2001 WL 37124843, at *6 (D. N.M., Sept. 17, 2001) (excluding an officer's opinion testimony as to the speed and degree to which a driver was driving reasonably because the officer was not presented as an expert and his opinion was not based on his personal knowledge of the accident at issue but rather on his post-accident investigation); *People v. Steward*, 55 P.3d 107, 124 (Colo. 2002) (holding that the trial court erred in admitting an officer's testimony about vehicle direction, position, speed and other deductions about the accident under the guise of a lay opinion).

-8-